ISAAC W. BLAIN *v.* WILLIAM N. PATTERSON.

In an action of trover for divers articles of furniture, the parties entered into an agreement and made it matter of record, that defendant should retain certain articles enumerated, and deliver all the other articles sued for to the plaintiff, and pay him for those he did not so deliver, and also to pay the taxable costs; it was *held*, that, on ascertaining by an auditor the articles not delivered, and the value of them, the court would enforce the agreement by directing a judgment for the amount so found, and the costs.

In making a demand of the goods claimed by plaintiff, it was not necessary, under the circumstances above stated, that a list of them should be presented.

It was *held*, also, that in the absence of fraud or mistake, the agreement was conclusive evidence that defendant had received the articles sued for.

And it was *held*, also, that the plaintiff's wife was not a competent witness for the defendant.

THIS is an action of trover for divers articles of furniture and other personal property, a schedule of which is annexed to the declaration and makes a part thereof. The action was entered at the September Term, 1865. Plea, the general issue.

At the September Term, 1866, the parties made the following agreement, which was filed at said term with the clerk:

"State of New Hampshire, Grafton, ss.    Western Judicial District. Supreme Judicial Court, September Term, A. D. 1866.

In the suit *Isaac W. Blain* v. *William N. Patterson*, it is agreed that said Patterson is to retain of the articles sued for, for his mother, Mary Patterson, of Piermont, the following articles, viz., (enumerating certain articles.)

Also, for Mrs. Rhoda E. Blain, wife of said Isaac, certain articles particularly enumerated.

And that all the other articles sued for are to be delivered up to said Isaac W. Blain, on demand, at said Patterson's house in Piermont, and that the articles not so delivered are to be paid for to said Isaac, and that said action is to be continued, and said Patterson is to pay said Isaac his taxable costs, and when this agreement is performed said action is to be dismissed from the docket.

   Wm. N. Patterson, by his attorney, L. R. Morris.
   Isaac W. Blain, by his attorney, N. B. Felton."

At the March Term, 1867, the plaintiff claiming that said agreement was in part unperformed on the part of the defendant, the case was committed to an auditor, and now at this term the auditor makes his report, in which he states as follows:  "I find due and allow to the plaintiff, for the articles sued for in the schedule annexed to the plaintiff's writ, which have not been delivered up to said plaintiff, agreeably to the agreement between said parties, a copy of which is hereto annexed," (being the agreement of record above named.)  Here follows a list of said articles with the value of each carried out, amounting in all to $403.92. The report then proceeds with the following statement:  "The plaintiff produced said agreement, and proved that, shortly after said agreement was filed, he demanded of the defendant, in general terms, the articles contained in the schedule annexed to the writ, (except such as by the agreement were not to be delivered to him,) and that the said defendant delivered a part only, and denied that he had any more, and refused to deliver any more.

The defendant objected to proceeding with this hearing, because the plaintiff, at or near the time of the said delivery of said articles, did not present to him, the defendant, a list of the articles claimed by the plaintiff not to have been delivered to him, with the prices claimed for said articles, and make a demand for said prices, so that the defendant might, if he chose, pay said prices, and have the suit dismissed in accordance with said agreement, which objection was overruled by the auditor, and the point saved for the defendant.

The defendant also offered evidence to show that many of the articles mentioned in the schedule annexed to the writ, were never received by him, and were never in his possession or in his house, or on his premises, which being objected to by the plaintiff, was excluded by the auditor on account of said agreement.

Also the defendant offered Rhoda E. Blain, the wife of the plaintiff, as a witness, which was objected to by the plaintiff. The objection was sustained by the auditor, and the point saved by the auditor."

*Felton*, for plaintiff.

There was no occasion for the plaintiff to present to the defendant a list of the articles claimed by him not to have been delivered up.

1. Because the defendant, by the agreement, was to deliver up "the articles sued for, with certain specified exceptions," and he should have done so. The agreement implies that he knew what the articles were.

2. Because, if the defendant needed further information upon the subject, he should have moved, at the proper time, for a specification, which he did not do. Or, he should, at least, have asked for one at the time the demand was made by the plaintiff, and not have "refused to deliver any more."

3. Because it was incumbent on the defendant, *as a wrong doer*, to deliver up all the articles which he had unjustly withholden from the plaintiff, or to pay for them; and he was entitled to no aid from the plaintiff to enable him to relieve himself from the consequences of his tort.

4. Because the auditor was appointed for the very purpose of finding and reporting the value of the articles wrongfully retained, and it would have been useless for the plaintiff to set a value upon them; and, because it would have been so, the auditor was appointed.

5. Because the defendant's unqualified denial and refusal "to deliver any more," excused the plaintiff from making any further demand, or giving the defendant any further information; and the defendant, having the articles, whatever they were, in his control, was better able to ascertain what they were, and their value, than the plaintiff was, after being deprived by the defendant of the control of them.

6. The general demand, actually made, would have been sufficient to enable the plaintiff to maintain an action upon a *contract* for the delivery of articles specified in the contract as the articles are specified in this agreement, and a portion of the demand was sufficient here. See *Cross* v. *Bell*, 34 N. H. 82–89, and authorities there cited; *Hillsborough County* v. *Londonderry*, 43 N. H. 451, 452, 453.

As to the conclusiveness of the agreement, *filed (and partly executed,)* see *Alton* v. *Gilmanton*, 2 N. H. 520, and authorities cited; *Fernald* v. *Ladd*, 4 N. H. 370; *Olcott* v. *Banfill*, 7 N. H. 469, 474; *Hanover* v. *Weare*, 2 N. H. 131, 134; *Scammon* v. *Scammon*, 28 N. H. 419, 432.

The agreement was designed to put an end, if possible, and as far as possible, to the litigation; but to hold it otherwise than conclusive, or to construe it otherwise than as we contend it should be construed, would deprive it of all tendency either to end, or narrow, the litigation. The authorities cited by the defendant's counsel are not pertinent, or not materially so.

As to the incompetency of Mrs. Blain, as a witness, *Young* v. *Gil-*

*man,* 46 N. H. 484, *Kelley* v. *Proctor,* 41 N. H. 139, *Breed* v. *Gove,* 41 N. H. 452, and *Smith* v. *Railroad,* 44 N. H. 325, are conclusive.

It makes no difference that the hearing was before an auditor. The objection founded on considerations of public policy remains the same.

*C. W. & E. D. Rand,* for defendant.

1. After a delivery, under the agreement, of a part of the articles specified in the declaration, the plaintiff should have given the defendant notice of what he claimed, before he proceeded before the auditor. *Hillsborough County* v. *Londonderry,* 43 N. H. 451.

2. To construe the agreement so as to make it operate as an estoppel to exclude testimony, is to do violence to the evident intention of the parties in making it. *Company* v. *Company,* 46 N. H. 249.

BELLOWS, J. The agreement having become matter of record in this court, is binding upon the parties, and will be specifically enforced, so far as the nature of the case will admit. In *Alton* v. *Gilmanton,* 2 N. H. 320, which was assumpsit for the support of a pauper, an agreement made and filed, as in this case, to waive all objections to the notice and service of it, was held to be conclusive as to the validity of the notice, the court saying that the agreement is to be considered as a portion of the materials from which the record is to be made up, and that the court would not allow the parties to depart from it, unless on evidence that it was made by mistake, fraud, or surprise. *Goodrich* v. *Eastern Railroad,* 38 N. H. 390 ; see *Burbank* v. *F. I. Co.,* 24 N. H. 561. The principle, however, is too well established to need the citation of authorities.

The agreement in the case at bar, was evidently designed to provide for the settlement of the controversy between the parties, and upon the performance of the stipulations on the part of the defendant, the action was to be dismissed. By this agreement certain articles sued for and enumerated were to be retained by the defendant for his mother, and certain others for the plaintiff's wife, and the rest of the articles sued for were to be delivered to the plaintiff on demand, and such as defendant did not so deliver, he was to pay for to plaintiff.

This agreement, in the absence of fraud or mistake, conclusively establishes the plaintiff's right to the articles stipulated to be delivered to him, or to their value if not delivered on proper demand. If not delivered on such demand, the obligation to pay the value is clear, and arising from matter of record the court has power to enforce the obligation specifically. In *Coburn & al.* v. *Whateley,* 8 Met. 274, the court, *Shaw, C. J.,* holds that agreements made in court and entered upon the docket, will be enforced. He says the court, by its general superintending power over all proceedings before it, will take notice of them, and act upon them in such way as to carry them specifically into effect.

Ordinarily, such agreements are made in reference to pending suits,

and with a view to expedite the trial of them, or to determine the judgment to be rendered; and generally they may be enforced, either by giving them full effect in the trial, or other disposition of the cause, or in making up the judgment; and in appropriate cases the agreemen will be enforced by attachment, as held in *Fernald* v. *Ladd*, 4 N. H. 370. And we think this mode of enforcing the agreement in this case might properly be resorted to if other means of doing it specifically were wanting.

Upon its being made to appear that due demand has been made, and the articles not delivered, the obligation to pay the value of them is unquestionable, and upon ascertaining the facts of the demand and refusal, together with the value of the articles not delivered, the court might, we think, enforce the payment by attachment. Here, the demand, and refusal, and value, have been ascertained by the report of an auditor, and if properly made, we see no impropriety in acting upon, and in some form enforcing, the payment of the amount.

It is urged by the defendant that the evidence reported by the auditor does not show a valid demand, inasmuch as no list of the articles not delivered, with the prices of them, was presented by the plaintiff to the defendant at the making of the demand. We think, however, that this was unnecessary. The knowledge of the plaintiff upon the subject was no greater than the defendant's. The articles sued for were stated in the writ, that had become matter of record, and the parties had equal access to it. The defendant knew what he had delivered, and had the same means of ascertaining the rest as the plaintiff possessed, and therefore could not require the information of the plaintiff. In respect to the value, also, the plaintiff was in the same situation as the defendant, who was to pay the value of the goods, not according to the plaintiff's estimate, but what they were actually worth. The defendant, however, denied that he had any more, and refused to deliver any more, and it does not appear that he offered to pay for those he did not deliver. Had he manifested a willingness to pay, but had been prevented by being unable to fix the prices, it would have presented a different case, at least, in view of the propriety of enforcing the agreement by attachment.

The defendant also offered to prove that many of the articles sued for were never received by him, but the evidence was rejected by the auditor, and, we think, rightly, for the agreement, as before stated, was conclusive upon that point, there being no evidence that it was entered into by mistake or fraud.

The defendant also objects to the exclusion of his wife as a witness, but upon the authority of *Kelley* v. *Proctor*, 41 N. H. 139, *Smith* v. *Railroad*, 44 N. H. 325, and *Young* v. *Gilman*, 46 N. H. 484, the decision of the auditor was clearly right. We have, then, a case where the defendant is bound by matter of record to pay the plaintiff the value of certain goods, and the costs of the suit; and the value of those goods have been properly determined, and we have no doubt that the court can enforce the payment without compelling the plaintiff to resort to another suit upon the agreement in question.

By making this agreement a matter of record in this suit, it must be

understood that the parties contemplated the enforcement of it specifically and by means of this suit. The agreement was evidently designed to provide for a full settlement of the controversy, by allowing the defendant to retain a part of the goods for certain purposes, to return another part to the plaintiff, and pay him the value of the rest, with the costs of the suit. All has been executed but the payment of the money and the costs, and although there was no express agreement that judgment should be rendered for the value of the goods, we think that is fairly to be inferred ; and upon the whole, we can see no objection to that course. It will accomplish the precise object of the agreement and nothing more, and upon the whole seems the most appropriate way of giving effect to the agreement.

It might be said, indeed, that the agreement to pay the value of the goods conclusively admits the plaintiff's cause of action to that extent, as much as the payment of money into court, which, as it is well settled, has that effect. 1 Greenl. Ev. sec. 205.

*Beeston* v. *Bikker*, 5 H. & N. Exch. 253, was an action of ejectment, and on the trial there was a verdict for the plaintiff, and the defendant being about to move for a new trial, it was agreed that a verdict and judgment in an action of trespass between the same parties, then in order for trial, should determine the verdict and judgment in the ejectment, and that it should not be necessary to apply to set aside the verdict in that suit. The action of trespass resulted in an order by consent that a juror be withdrawn, possession given to A. C., and no costs ; but plaintiff, notwithstanding, entered up judgment on the verdict in the ejectment. The decision of the court was, that this was irregular, for the burden of the agreement was that the decision in the other case should decide the ejectment, and that the effect of withdrawing a juror and agreeing there should be no costs, was, that the proceedings in the ejectment were at an end. Here, the court carried into effect the evident intention of the parties that the ejectment should abide the disposition of the other suit, although in terms it was that the verdict and judgment should determine it.

With these views, we are satisfied that there should be judgment for the amount found by the auditor, and costs.

*Judgment for plaintiff.*